UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

In re: Chapter 11

DINASO & SONS BUILDING SUPPLY
COMPANY, INC., Case No. 14-42298 (cec)

Debtor.

----------------------------------------------------------------------X

**AFFIRMATION OF MONEESH K. BAKSHI IN SUPPORT OF MOTION TO SHORTEN NOTICE AND OBJECTION PERIODS FOR THE MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER APPROVING THE SALE OF SUBSTANTIALLY ALL THE DEBTOR'S ASSETS**

Moneesh K. Bakshi, an attorney duly admitted to practice law in the State of New York hereby deposes and says as follows under penalties of perjury:

1. I am a member of the law firm Rash & Bakshi, 45 Rockefeller Plaza, Suite 2000, New York, NY 10111-2099, proposed attorneys for Debtor and Debtor in Possession.

2. I submit this affirmation in support of Debtor's motion to shorten notice and objection periods for the motion of the Debtor for entry of an order approving the sale of substantially all the Debtor's Assets.

3. The Debtor hereby requests that the Court enter an order, (a) shortening the notice period for Notice of Sale and an expedited hearing to approve the sell of substantially all of the Debtor's assets from 21 days to 17 days for good cause shown and pursuant to Bankruptcy Rule 9006 and Local Rules 6004 and 9006-1; and (b) granting such other and further relief as the Court deems proper.

4. Local Rule 9006 requires that Notice of Hearing to Approve a sale of substantially all of the Debtor's assets be filed and served at least eighteen (21) days prior to a

hearing date scheduled for such motion, but permits scheduling on less than 21 days notice on written motion stating good cause justifying shortened notice. Should the Court grant this Motion to Shorten, the Debtor requests that the Court schedule a hearing to consider approval of the sale of substantially all of the Debtor's assets be set for June 17, 2014 at 10:00 a.m., or a time that is convenient to the Court.

5. Here, ample and just cause exists to shorten notice and conduct a hearing on sell for substantially all of the Debtor's assets on an expedited basis. The Debtor has shuttered its once thriving building supply operation in Lakewood, New Jersey due to, *inter alia,* the termination of the Debtor's credit facility with Santander Bank and the general decline in construction activity in the immediate area surrounding the Debtor's Lakewood, NJ facility. The Debtor has, fortunately, located a Stalking Horse bidder that has executed an offer to purchase the Debtor's facility in Lakewood, New Jersey at or above its fair market value, and approximately 25% above the last appraisal. However, the proposed purchaser has stated in its offer that time is of the essence in closing of the transaction and has indicated that it is critical to close the purchase on June 17, 2014. Any delay in the sale process will only harm the estates as the Debtors' assets will decline in value and reduce the funds available to the Debtors' creditors. The prompt consummation of a sale will best serve all parties in interest, in particular the Debtor's creditors.

6. The Second Circuit has held that, "[T]here must be some articulated business justification, other than appeasement of major creditors for using, selling, or leasing property out of the ordinary course of business before the bankruptcy judge may order such disposition under 363(b)." *In re Lionel Corp.,* 722 F.2d 1063, 1069-70 (2d Cir. 1983). The Debtors has proposed a transaction that will benefit the estate and creditors by generating increased value for its asset.

Without an expedited schedule the proposed transaction would be in jeopardy thereby harming the estate and creditors.

7. If a hearing is held on June 17, 2014 and an order is entered on that date approving the Sale of substantially all of the Debtor's assets, the Creditors and other interested parties will have seventeen (17) days to review the sale prior to the approved sale. The Debtors believe that this is an optimal amount of time under the circumstances and believes that an expedited hearing on the approval of the sale is necessary and appropriate in these cases.

8. No prior request for the relief sought herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, (i) granting the relief requested by this Motion to Shorten, and (ii) granting such other and further relief as the Court may find just and equitable.

Dated: New York, New York

Moneesh K. Bakshi