

**U.S. Department of Justice**

*Office of the United States Trustee*
*Eastern District of New York*
*Brooklyn Division*

_____

201 Varick Street, Suite 1006
New York, NY 10014
Telephone Number: 212.510.0500
Facsimile Number: 212.668.2255

June 18, 2014

**FILED ON ECF DOCKET**
Honorable Carla E. Craig
Chief United States Bankruptcy Judge
United States Bankruptcy Court EDNY
271 Cadman Plaza East
Brooklyn, New York 11201

                                 **Re:**      **DiNaso & Sons Building Supplies Company, Inc. (the "Debtor")**
                                               **Case No. 14-42298 (CEC)**

Dear Chief Judge Craig:

       I am writing with regard to the hearing on the Debtor's motion to sell certain real property and approve bid procedures (the "Motion") that is scheduled to be heard on tomorrow, June 19, 2014, and to provide the Court with an update concerning the status of this case.

       The United States Trustee has concerns with regard to relief requested in the Motion because, among other things, the Debtor has yet to provide the Court or the parties in interest with a copy of the signed Contract of Sale with Marcel Katz ("Katz"), the proposed stalking horse bidder, in the form annexed as Exhibit A to the Motion. While a two page contract between the Debtor and Katz was sent to the United States Trustee today by counsel to Santander Bank, it is unclear why the Debtor has been unable to produce the signed Contract of Sale in the form attached to the Motion.

       Another concern is that Debtor's counsel has failed to provide the United States Trustee with documentation concerning the contract deposit of $100,000 paid by Katz. In response to an inquiry by this Office, the Mr. Rash indicated yesterday that he would be following up with the proposed purchaser regarding the contract deposit, but could not provide any information as to where these funds were being held.

       Additional concerns persist with regard to the Debtor's ability to operate as a debtor-in-possession and the competency of counsel to represent the Debtor in this case. For example, the Debtor has yet to provide proof that a debtor-in-possession bank ("DIP") account has been established. Debtor's counsel indicated at the 341 meeting held on June 9th that the Debtor could not open a DIP account because of a misspelling in the caption of the bankruptcy case. Mr. Rash represented that he would move to amend the caption on June 10th. As of this writing, no action has been taken to amend the caption.

       Debtor's principal testified at the 341 Meeting that all of the Debtor's books and records were taken by Gregory Messer, the chapter 7 trustee appointed in the related chapter 7 case of John DiNaso & Sons Inc., Case No. 14-41264. In a telephone conversation, Mr. Messer indicated that the books and records of both companies were intermingled and that he is seeking to retain a forensic accountant to analyze the financial records which he retrieved from the premises occupied by John DiNaso & Sons Inc.

Chief Judge Craig  
June 18, 2014  
Page 2

       Finally, despite the fact that this case was filed in early May, the Debtor has yet to file an application to retain counsel. In order for the case to proceed, it is essential that the Debtor be represented by attorneys experienced in chapter 11 practice.

       These are but a few of the issues that the United States Trustee has identified as matters of concern in this case which may lead to the filing of a motion for relief under 11 U.S.C. § 1112(b).

       Thank you for your consideration.

       Very truly yours,

       WILLIAM K. HARRINGTON  
       UNITED STATES TRUSTEE  
       REGION 2  
       *By:<u>Marylou Martin</u>*  
          Marylou Martin  
          Trial Attorney