UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re

DiNaso & Sons Building Supply Company Inc.

        Debtor.
-----------------------------------------------------------x

Chapter 7

Case No. 14-42298 (CEC)

**ORDER AUTHORIZING TRUSTEE'S SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S REAL PROPERTY PURSUANT TO BANKRUPTCY CODE §§ 363(b)(1) and (f) AND (B) GRANTING OTHER RELATED RELIEF**

_____

    Upon the motion dated October 20, 2014 (the "**Sale Procedures Motion**") of Greg Messer (the "**Trustee**"), trustee for the chapter 7 estate of DiNaso & Sons Building Supply Company Inc. (the "**Debtor**"), by his counsel Robinson Brog Leinwand Greene Genovese & Gluck P.C., seeking the entry of an Order under sections 105(a), 363(b)(1), (f), and (m), of title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Local Bankruptcy Rules 6004-1(a) and 6006-1 and the Court's Administrative Order No. 557 dated March 29, 2010 titled *In re Adoption of Sale Guidelines*, for among other things, approving procedures for the Sale of the Debtor's real property located at 133 Ocean Avenue, Lakewood, New Jersey (the "**Property**") free and clear of all liens, claims and encumbrances (the "**Sale**"), and the Court having entered an *Order Approving Sale Procedures and Terms of Sale* on October ~~30~~ *31 (CEC)*, 2014 (the "**Sale Procedures Order**") wherein the Court scheduled a hearing for November 20, 2014 to consider approving the Sale; and the Trustee having selected the offer of Hampton Development LLC. ("**Hampton**") for $2,000,000 as the highest or best offer for the Property (the "**Best Offer**"), and the Trustee having selected the offer of 133 Ocean Avenue LLC ("**133**") for $1,975,000 as the second highest or best offer for the Property (the

{00702881.DOC;4 }

"**Back Up Offer**") and the Court having held a hearing in open court on November 20, 2014 to approve the Sale at which time all interested parties were afforded an opportunity to be heard (the "**Hearing**");and the Trustee having conducted all procedures leading up to the Sale in accordance with the Sale Procedures Order; and the Court having considered the presentations of counsel, and related matters reflected on the record of the Hearing;  and the Court having determined under the facts of this case at the Hearing that the Sale is in the best interests of the estate and creditors; and good and sufficient cause appearing therefore, and any objections made prior to or at the Hearing having been overruled, and after due deliberation,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.         The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014.

B.         To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.    This Court has jurisdiction to hear and determine the Motion and the issues raised therein under 28 U.S.C. §§ 157 and 1334.

D.    Determination of the Sale and the issues raised therein is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O).  The statutory predicates for the relief requested in connection with the Sale are 11 U.S.C. §§ 105(a), 363(b)(1), (f) and (m), Bankruptcy Rules 2002 and 6004 and Local Bankruptcy Rules 6004-1(a) and 6006-1.

E.     As evidenced by the affidavits of service previously filed with the Court, (i) proper, timely, adequate, and sufficient notice of the Sales Procedure Motion has been provided

in accordance with sections 102(1) and 363 of the Bankruptcy Code, Fed. R. Bankr. P. 2002 and 6004 and the Sales Procedure Order; (ii) such notice was good and sufficient, and appropriate under the particular circumstances, and (iii) no other or further notice of the Sales Procedure Motion, Sale Hearing or the Sale is or shall be required.

F. The Trustee has followed the procedures set forth in the Sale Procedures Order.

G. The Trustee has full power and authority to execute any and all other documents, instruments or agreements to consummate the transactions for the Sale to Hampton, and no consents or approvals are required for the Trustee to consummate the Sale. In the event the sale to Hampton does not close, the Trustee has full power and authority to consummate the sale on the Back Up Offer without further approval of this Court.

H. Approval of the disposition of the Property in accordance with the results of the auction sale are in the best interest of the Debtor's estate and its creditors. Good and sufficient business justification has been established for consummating the Sale:

I. Pursuant to the Sale Procedures Order, the equivalent of competitive bidding was conducted through the extensive marketing and solicitation efforts for an extended time period as described at the Hearing. Hampton has made the highest or best offer for the Property (the "**Best Offer**"), and the purchase price payable thereunder is fair and reasonable.

J. The Best Offer is the bid of Hampton in the amount of $2,000,000. The Back Up Offer made by 133 is in the amount of $1,975,000.

K. The Best Offer represents the highest or best offer for the Property.

L. In connection with its bid for the Property, Hampton executed and delivered the Contract of Sale dated as of October 6, 2014 to the Trustee (the "**Hampton Contract**")

M.　　The terms of the Sale are fair and reasonable and the price to be paid by the Purchaser under the Best Offer represents the highest or best offer for the Property.

N.　　The Sale was conducted without collusion, in good faith and at arm's length bargaining positions. Hampton as the Purchaser, is a buyer in good faith of the Property within the meaning of Bankruptcy Code § 363(m). Hampton is entitled to all of the protections afforded thereby. Neither the Trustee nor the Purchaser, engaged in any conduct that would cause or permit the Sale to be avoided under Bankruptcy Code § 363(n).

O.　　Hampton is not an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code.

P.　　The Procedures utilized by the Trustee pursuant to the Sale Procedures Order afforded a full and fair opportunity for any entity to make a higher or better offer to purchase the Property.

Q.　　The Purchaser would not consummate the transactions contemplated by the Sale if the Sale was not free and clear of all liens, claims, interests or encumbrances of any kind or nature whatsoever in or against the Property (collectively, the "**Encumbrances**"), or if the Purchaser or its designees or successors could be liable in the future for any of the Encumbrances.

R.　　The Property may be sold under Bankruptcy Code § 363(f), free and clear of any Encumbrances upon or against it as Santander Bank N.A. has consented to the Sale pursuant to the Stipulation and Order by and between the Trustee and Santander [ECF Doc. No. 64] approved by the Court at the hearing held on Novemnber 20, 2014 and entered by the Court on December 2, 2014 [ECF Doc. No 75] (the "Stipulation and Order")..

S.    The transfer of the Property to the Purchaser (i) is or will be legal, valid and effective transfers of property of the Debtor's estate, and (ii) except as may be otherwise provided herein, vest or will vest the Purchaser with good title to the Property free and clear of Encumbrances under Bankruptcy Code § 363(f).

T.    It is in the best interests of the Debtor's estate and creditors that the Trustee be given the authority to enter into, and that this Court approve the performance and consummation by the Trustee of the Sale and any and all other documents, instruments and agreements reasonably requested to execute, effectuate, carry out, or consummate the terms and conditions of the Sale and this Order.

**NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:**

.

1.    The Best Offer is approved, and the Purchaser and the Trustee are authorized and directed to close the Sale of the Property in accordance with the terms of the Contract (the "**Closing**") and pursuant to the terms of the Sale Procedures Order, the Best Offer and this Order. Upon the proceeds of the sale received by the Trustee having cleared the Trustee's account, the Trustee is authorized to pay the expenses of the sale and to pay Santander Bank the proceeds of the sale less the amount of the Carve-out as set forth in the Stipulation and Order on account of its secured claims and duly filed mortgages and first liens on the Property.

2.    The Sale of the Property to the Purchaser pursuant to the Best Offer is the highest or best offer for those assets and is approved in its entirety.  The Trustee and the Purchaser under the Best Offer are authorized to consummate the Sale pursuant to this Order.

3.    The Hampton Contract of Sale for $2,000,000 is hereby approved in all respects and the Trustee is authorized and empowered to execute same and perform the obligations of Seller thereunder.

4.              The Trustee is authorized and empowered to sell and assign the Property to the Purchaser under the Hampton Contract as the Best Offer, free and clear of all Encumbrances and as set forth herein in accordance with the provisions of Bankruptcy Code §§ 363(b) and (f) and this Order.

5.              The Sale shall constitute a legal, valid and effective transfer of the Property, and shall vest the Purchaser or its designee, if any, with all right, title and interest of the Trustee and the Debtor in and to the Property free and clear of all Encumbrances.

6.              With respect to any document or instrument evidencing any Encumbrance with respect to any of the Property, the Purchaser is authorized to file, display, register or otherwise record a certified copy of this Order which, once so filed, displayed, registered or otherwise recorded, shall constitute conclusive evidence of the release and discharge of such Encumbrance in or as against the Property, and of the Purchaser's ownership of and rights in the Property.

7.              This Order shall be self-executing and all Encumbrances shall be deemed released and the proceeds of the Sale shall be distributed as soon as practical after the Closing as authorized herein. In the event Purchaser requests lienholders to provide satisfactions of their liens, lienholders shall provide same in recordable form to the Purchaser, who may record same at Purchaser's sole cost and expense.

8.              The Trustee and the Purchaser, under the Best Offer, are hereby authorized and directed to execute, deliver, implement and fully perform the Sale and such documents, instruments and agreements that may be reasonably necessary or desirable to implement the terms of this Order and the Sale, expend or cause to be expended such funds, and to do or cause to be done such additional things as may be necessary or appropriate to

{00702881.DOC;4 }

implement, effectuate and consummate the transactions contemplated by the terms of this Order and to effectuate the Sale..

9. Upon Closing, Purchaser shall pay to the Trustee the full amount of the Best Offer.

10. This Court has, and shall retain, exclusive jurisdiction to implement and enforce the terms and provisions of this Order.

11. The Purchaser under the Best Offer, is entitled to, and has, the full protections of and all rights under Bankruptcy Code § 363(m) with respect to the Sale. Accordingly, in the absence of a stay pending any timely appeal from this Order, if the Purchaser is required to close, then, with respect to the Sale approved and authorized herein, Purchaser is entitled to rely on the protections of Bankruptcy Code § 363(m) absent the issuance of a stay pending appeal by a court of competent jurisdiction.

12. The provisions of Bankruptcy Rules 6004(h) and 6006(d) are hereby dispensed with and waived.

13. The terms and provisions of this Order shall be binding in all respects upon the Debtor, its estate and creditors, the Purchaser, and their respective designees, if any, affiliates, successors and assigns, and any affected third parties including, without limitation, all persons asserting any Encumbrance or claim against or interest in the Debtor, its estate or the Property to be sold and assigned to the Purchaser.  The transactions contemplated by this Order shall be specifically performable and enforceable against and binding upon, and not subject to rejection or avoidance by, the Trustee or any successor trustee of the Debtor and its estate.

14.     The Property purchased by the Purchaser shall be conveyed by the Trustee to, and accepted by the Purchaser under the Best Offer "AS IS", "WHERE IS", "WITH ALL FAULTS", without any express or implied warranty or representation of any kind or nature, except as expressly provided in this Order.  Without limiting the generality of the foregoing, neither the Trustee nor any other person or entity makes any warranty or representation regarding the condition, working order, existence, quantity or location of such assets, and the Purchaser shall have no recourse and may not assert any claim against the Trustee, the Debtor, its estate or their representatives based on any such warranty or representation.

15.     The terms and provisions of this Order shall be binding and enforceable in all respects upon, and shall inure to the benefit of, the Trustee, the Purchaser, and their respective affiliates, successors, heirs, trustees, administrators and assigns (as the case may be) and any affected third parties including but not limited to any and all entities asserting any claim or interest in the Debtor, the Debtor's estate, or any of the Property.

16.     In the event the Trustee is unable to perform the obligations of Seller under the Hampton Contract and convey title to the property no later than January 31, 2015, provided that the inability to convey the Property is not attributable to any actions taken by the Purchaser or its agents and representatives or any inaction by Purchaser of obligations it is required to perform under the Hampton Contract, then Hampton shall be entitled, in its sole discretion, to cancel the Hampton Contract by delivering written notice to the Trustee of the Trustee's failure to comply with this provision of the Order and the Trustee shall thereafter return Hampton's contract deposit to it within two (2) business days of receipt of such notice.

The return of the contract deposit shall be Hampton's sole remedy in the event the Trustee is unable to convey the property under the Hampton Contract.

17. Hampton and the Trustee are empowered and directed to execute the Amendment to the Hampton Contract in the form annexed hereto as Exhibit A to transfer Hampton's contract deposit of $200,000 to the Trustee in accordance with the terms thereof.



**Dated: Brooklyn, New York**
**December 5, 2014**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**

{00702881.DOC;4 }